IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Belle Mere Properties, LLC, | ) | Case No.: 12-70782-BGC-11 |
| | ) | |
| Debtor. | ) | |
| | | |
| Belle Mere Properties, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | A. P. No.: 12-70018 |
| | ) | |
| CBS Properties, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION
ON THE DEFENDANT'S MOTION FOR
PARTIAL SUMMARY JUDGMENT

### I. Background

The Plaintiff-Debtor filed a Complaint against the Defendant-Movant in the Circuit Court of Greene County, Alabama, on November 16, 2011. Case No. CV-2011-900053.00. That Complaint was removed to this Court by the Defendant-Movant on June 15, 2012. A. P. Docket No. 1. After various filings and proceedings, on June 11, 2013, the Defendant filed the pending Defendant's Motion for Partial Summary Judgment. A. P. Docket No. 59. In that motion, the Defendant requests summary judgment in its favor as to Counts One and Five of the removed Complaint. The Defendant contends that, "there is no dispute as to any material fact and that CBS is entitled to judgment as a matter of law." Id. at 2.

### II. Standard for Summary Judgment

Under Rule 56(c) of the Federal Rules of Civil Procedure, applicable to this proceeding by Bankruptcy Rule 7056, a moving party is entitled to summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See Fed. R. Bankr. P. 7056.

The record, including all evidence and factual inferences, must be construed in the light most favorable to the nonmoving party. See Lofton v. Secretary of Dept. of Children and Family Services, 358 F.3d 804, 809 (11th Cir. 2004); Johnson v. Governor of State of Fla., 353 F.3d 1287, 1292 (11th Cir. 2003) (on summary judgment, "the district court must view all evidence in the light most favorable to the non-moving party and resolve all reasonable doubts about the facts in its favor.").

The framework for determining whether there exists a genuine issue as to a given material fact, therefore precluding summary judgment, is outlined in the Eleventh Circuit Court of Appeals decision in Fitzpatrick v. City of Atlanta, 2 F.3d 1112 (11th Cir. 1993). The Court has followed that framework in determining whether there are any genuine issues of material fact in this proceeding.

### III. Application of Standards for Summary Judgment

Based on the evidence before the Court, which includes the parties' pleadings, affidavits, and exhibits, the Court finds that there are genuine issues of material facts. The single example discussed below is indicative of many others, all of which form the basis for the Court's opinion.

The pending motion seeks summary judgment for Counts One and Five of the state court "Verified Complaint" removed to this Court on June 1, 2012. A. P. Docket No. 2. Count One appears to be the heart of that complaint. It reads:

> 6. Count One reasserts the allegations in paragraphs one through five as if fully stated herein.
>
> 7. The Note calls for payments to be made by Plaintiff in the amount of $9,989.72, beginning April 1, 2011, to Defendant at 144 B&V Drive, Knoxville, Alabama, 35469.
>
> 8. The Note further gives the Plaintiff 30 days within which to make the payment before a late charge is assessed. If the payment is in default, the Note requires the Defendant, or Note Holder, to provide Plaintiff with written notice of the default.
>
> 9. Plaintiff made an initial down payment on April 1, 2011, in the amount of $214,435.22, comprising a $200,00.00 [sic] down payment, $1,945.50 pro-rata taxes, and $9,989.72 1st monthly payment and other costs; and thereafter made the monthly payments as required by the Note. A copy of the initial payment check is attached hereto as Exhibit "D".
>
> 10. Plaintiff tendered, and Defendant accepted, the monthly payments for April and May, 2011, without incident. Defendant then

2

accepted the June payment in July, and the July payment in August. Thereafter, Defendant refused to accept further payments, even though the payments were tendered by Plaintiff.

      11. Plaintiff has attempted to provide Defendant with timely payments for the months of August, September and October, 2011, by certified checks. Copies of checks for August and October are attached hereto as Exhibit "E".

      12. Defendant has refused to accept payments, however, has failed to provide any notice whatsoever to Plaintiff alleging any default under the provisions of the mortgage.

      13. Despite Defendant's failure to notify Plaintiff of a default, Defendant has undertaken steps to foreclose upon the Mortgage, and had planned upon a foreclosure for Tuesday, November 15, 2011. Defendant even circulated notices to creditors of Plaintiff advising them of the planned foreclosure. A copy of the Notice of Foreclosure is attached hereto as Exhibit "F".

      14. Due to a claimed failure of the local newspaper to run the foreclosure notice as required by the Mortgage and Alabama law, the foreclosure on November 15th was cancelled; however, Defendant still plans to foreclose on the Mortgage, and has tentatively scheduled December 9th as the date of foreclosure.

      15. The actions of the Defendant show a clear intent to manufacture a default in the Note so as to enable Defendant to foreclosure on the Mortgage, unduly enriching the Defendant with the improvements made by the Plaintiff and the value of the Plaintiff's business operations associated with the property.

      WHEREFORE, Plaintiff demands Declaratory Judgment as follows:
1. That the Note is in force and effect without a default;
2. That the Mortgage is not presently subject to foreclosure and that the Defendant has no right to initiate foreclosure at this time;
3. That the Defendant is in of the provisions of the Note and Mortgage; and
4. Such further and other relief as this Court may find proper.

<u>Verified Complaint</u> at 7-8, A. P. Docket No. 2.

The parties disagree sharply about these allegations.

In support of its Motion for Summary Judgment opposing Count One, the Defendant argued that:

> 5. Debtor defaulted under the terms of the Note and Mortgage by failing to make monthly payments when due. Specifically, under the terms of the Note and Mortgage, the payments are due by the 1st day of each month. The Debtor made some payments late, attempted to make some other payments late, and did not make some other payments at all. See Affidavit paras. 7-17.

<u>Narrative Statement of Facts and Brief of Law in Support of Motion for Partial Summary Judgment</u> at 2, A. P. Docket No. 61.

The defendant submitted an affidavit of Beverly Spencer as support for the above argument. In that regard, that affidavit reads in pertinent part:

> 7. Debtor defaulted under the terms of the Note and Mortgage by failing to make monthly payments when due.

Exhibit "A", Affidavit of Beverly Spencer at 1, A. P. Docket No. 70.

The affidavit continues:

> 17. The Debtor is currently past due for the payments under the Note for August 2011 through April 2012, in addition to late fees, accrued interest, and legal fees and costs incurred by CBS as a result of the Debtor's default.

Exhibit "A", Affidavit of Beverly Spencer at 3, A. P. Docket No. 70.[1]

In contrast and in support of its position, the Plaintiff-Debtor argues that all mortgage payments were made pursuant to the parties' agreement. In support of that position, the Plaintiff-Debtor offers the affidavit of Jimmie Carol McCulley. That affidavit includes:

> I was personally involved with the tendering of certain monthly mortgage payments that were owed by Belle Mere Properties, LLC, to C.B.S. Properties, LLC, during the months of June, 2011, through November, 2011. I personally carried the payment for each month to the office of C.B.S. Properties, LLC. Each payments was by check, and each payment was tendered before the 30th day of the month when due.

---

[1] Numerous exhibits are attached to the affidavit in support of those opinions.

4

Case 12-70018-BGC    Doc 90    Filed 09/16/13    Entered 09/16/13 11:25:57    Desc Main
Document      Page 4 of 5

Exhibit 1, Affidavit of Jimmie Carol McCulley to Brief in Response to Defendant's Motion for Summary Judgment at 38, A. P. Docket No. 86.

## IV. Conclusion

      Based on the above, the Court finds, pursuant to the summary judgment standards applicable in this Circuit, that the Defendant's Motion for Partial Summary Judgment is due to be denied. The Court finds specifically that there are genuine issues of material fact, and that neither party is entitled to summary judgment as a matter of law. A separate Order will be entered contemporaneously with this Memorandum Opinion, and the numerous matters pending at the time that this matter was taken under advisement will be rescheduled by separate notice.

Dated: September 16, 2013          /s/Benjamin Cohen
                                                               BENJAMIN COHEN
                                                               United States Bankruptcy Judge

BC:pb